J-S64026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA WILLIAMS | : | |
| Appellant | : | No. 577 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006775-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA WILLIAMS | : | |
| Appellant | : | No. 578 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011756-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA WILLIAMS | : | |
| Appellant | : | No. 579 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013294-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |

|   |   |   |   |
|---|---|---|---|
|   | : |   |   |
| v. | : |   |   |
|   | : |   |   |
|   | : |   |   |
| JOSHUA WILLIAMS | : |   |   |
|   | : |   |   |
| Appellant | : | No. 580 WDA 2019 |   |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013882-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|   | : | PENNSYLVANIA |
|   | : |   |
| v. | : |   |
|   | : |   |
|   | : |   |
|   | : |   |
| JOSHUA WILLIAMS | : |   |
|   | : |   |
| Appellant | : | No. 581 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0017835-2009

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED AUGUST 21, 2020

Joshua Williams appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On August 21, 2010, Williams pleaded guilty to various charges at the following docket numbers: at CP-02-CR-06775-2009, one count each of

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

possession of a controlled substance and possession of drug paraphernalia; on CP-02-CR-13294-2009, two counts each of possession with intent to deliver (PWID) and possession of a controlled substance; at CP-02-CR-11756-2009, one count each of robbery-serious bodily injury and unlawful restraint; at CP-02-CR-13882-2009, one count of theft by unlawful taking; and at CP-02-CR-17835-2009, one count of PWID. On October 21, 2010, the court imposed an aggregate sentence of five to ten years' incarceration followed by five years' probation. Williams did not file a motion to withdraw his guilty plea, a motion to modify sentence, or a notice of appeal.

On November 28, 2018, Williams filed a pro se PCRA petition. On December 12, 2018, the PCRA court appointed counsel, and on January 27, 2019, counsel filed an amended PCRA petition on Williams' behalf. On February 19, 2019, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Williams' amended petition without a hearing. On March 28, 2019, the PCRA court dismissed Williams' amended petition as untimely. On April 18, 2018, Williams filed five notices of appeal, each containing all five docket numbers, which this Court consolidated sua sponte on April 30, 2019. Both Williams and the PCRA court complied with Pa.R.A.P. 1925.

Williams raises the following question for our review:

Did the PCRA court err in dismissing [] Williams' amended petition for relief pursuant to the [PCRA] without a hearing and as untimely where he plead, and would have proven, that his claims were predicated on the fact that he had sustained, not, as he reasonably, if mistakenly believed, a single "consolidated"

- 3 -

conviction, but, rather, numerous convictions, a fact unknown to him which could not have been earlier ascertained by the exercise of due diligence?

Brief of Appellant, at 4.

Before addressing Williams' claims on appeal, we must first resolve a procedural issue presented in the case. In Commonwealth v. Williams, 206 A.3d 573 (Pa. Super. 2019), this Court recently explained:

> Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a).
>
> The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)[.]

Id. at 575.

> The Official Note now reads:
>
> Where [] one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In Walker, our Supreme Court found the above-language constituted "a bright-line mandatory instruction to practitioners to file separate notices of appeal." Walker, 185 A.3d at 976-77. Accordingly, the Walker Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." Id. at 977 (emphasis added). The Court made its holding prospective, recognizing that "[t]he

amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." Id. Furthermore, the Walker Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." Id. (emphasis added).

Recently, our full Court discussed the Walker holding in Commonwealth v. Johnson, 2020 PA Super 164 (Pa. Super. filed July 9, 2020) (en banc) and Commonwealth v. Larkin, 2020 PA Super 163 (Pa. Super. filed July 9, 2020) (en banc). In those cases our Court concluded that "in so far as Creese[1] stated 'a notice of appeal may contain only one docket number[,]' . . . that pronouncement is overruled." See Johnson, supra at *12 (emphasis in original); see also Larkin, supra at *3 (recognizing that Johnson "expressly overruled Creese to the extent that Creese interpreted Walker as requiring the Superior Court to quash appeals when an appellant, who is appealing from multiple docket numbers, files notices of appeal with all of the docket numbers listed on each notice of appeal."). Additionally, both

_____

[1] See Commonwealth v. Creese, 216 A.3d 1142, 1144 (Pa. Super. 2019) (construing mandates of Walker to mean that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case.").

cases reaffirmed the holding[2] in Commonwealth v. Stansbury, 219 A.3d 157 (Pa. Super. 2019), where we declined to quash an appeal when a pro se defendant filed a single notice of appeal listing two docket numbers. In that case the trial court advised the defendant "that he has thirty day from this day, to file 'a written notice of appeal to the Superior Court.'" Id. at 159 (emphasis in original). Our Court concluded that the defendant had been misinformed by the trial court, which amounted to a "breakdown in the court system" and excused the defendant's lack of compliance with Walker. Id. at 160.

Here, Williams filed five separate notices for his five cases below; each notice lists all five trial court docket numbers and offense tracking numbers. Similar to the facts of Johnson, supra,[3] each of the notices had some kind of designation distinguishing which notice applied to which docket. Here, Williams' counsel circled a single docket number and offense tracking number on each of the five notices of appeal, identifying which notice corresponded with each appealed case. Since it "is of no consequence" that Williams' notices of appeal contained more than one docket number, Johnson, supra at *11;

_____

[2] In fact, Larkin extended the Stansbury holding to all defendants, whether represented or pro se. See Larkin, supra at *6 ("We agree with the panel in Stansbury and reaffirm its holding that we may overlook the requirements of Walker where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights.").

[3] In Johnson, the defendant listed four docket numbers on all four notices. However, he also italicized one relevant docket number on each notice to identify which notice corresponded with each appealed case.

- 6 -

Larkin, supra at *3, and because Williams complied with Walker by "fil[ing] separate appeals from an order that resolves issues arising on more than one docket," id. at 977, we decline to quash the appeal for violating Walker and its attendant requirements. Therefore, we shall proceed to address Williams' PCRA petition on appeal.

Here, the PCRA court dismissed Williams' petition as untimely filed. Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[4] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." See Commonwealth v.

_____

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Hernandez, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); see also 42 Pa.C.S.A. § 9545(b)(2).[5]

Williams' judgment of sentence became final on November 22, 2010, when the time expired for him to file a notice of appeal.[6] See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Williams had until January 21, 2011 to file a timely PCRA petition. Williams' instant petition, filed nearly seven years after his judgment of sentence became final, is patently untimely unless he can plead and prove one of the enumerated exceptions to the PCRA time-bar applies. See Hernandez, supra at 651-52.

Williams claims the assistant district attorneys handling his state-level charges told him that "his cases would be consolidated[,]" and as a result, he believed he would receive a single conviction. See Brief of Appellant, at 5–8. He states this became an issue when he pleaded guilty to federal offenses in 2018, and he discovered, not only was he mistaken as to the number of convictions he possessed, but that the number of convictions he possessed

_____

[5] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. Id. at § 3. In this case, Williams' claim stems from the manner in which the court structured his convictions, entered by order of sentence on October 21, 2010. Thus, the 60-day time limit in pre-amended section 9545(b)(2) applies to the current case.

[6] The thirtieth day fell on a Saturday, therefore the last day on which Williams could have filed a timely notice of appeal was the following Monday, November 22, 2010. See 1 Pa.C.S.A. § 1908 (governing computation of time).

"subjected him to a significantly increased sentence." Id. at 8. This, he argues, places his petition within the newly-discovered facts exception. Id. at 17.

To invoke the newly-discovered facts exception, a petitioner must "plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." Commonwealth v. Stokes, 959 A.2d 306, 310 (Pa. 2008). "[T]o qualify as a new fact, the information may not be part of the public records." Commonwealth v. Staton, 184 A.3d 949, 955 (Pa. 2018).

Williams' convictions, listed under each of his five docket numbers, are and have always been part of the public record; consequently, they may not now be used to surmount the PCRA time-bar. See id; see also Commonwealth v. Curley, 189 A.3d 467, 473 (Pa. Super. 2018) ("Docket entries . . . in criminal proceedings are public records[;]") and see Common Pleas Courts Docket Sheets, Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/DocketSheets/CP.aspx (last visited Aug. 12, 2020) (providing public access to docket sheets). As such, the trial court did not have jurisdiction to consider Williams' untimely PCRA petition where no section 9545(b) exception was pled and proven. Thus, it correctly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/21/2020</u>